THE ROSACCI LAW FIRM, P.C.
3411 N. 32nd Street
Phoenix, Arizona 85018
Tel. (602) 954-1300 Fax. (602) 257-4453
Victoria A. Bellomo, AZ Bar No. 019675
Antonio M. Rosacci, AZ Bar. No. 020277
     Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT
IN THE DISTRICT OF ARIZONA

| | |
|---|---|
| **In re:** | **Chapter 13 Proceedings** |
| **DEBORAH A. DOORLEY AND BRIAN P. DOORLEY,** | **Case No. 2:09-27409 PHX-RTB** |
| **Debtors,** | **COMPLAINT TO DETERMINE VALIDITY AND EXTENT OF LIEN ON PRINCIPAL RESIDENCE** |
| **DEBORAH A. DOORLEY AND BRIAN P. DOORLEY, husband and wife,** | |
| **Plaintiffs,** | **Adversary No.** 2:10-ap-00036-RTB |
| **vs.** | |
| **WACHOVIA MORTGAGE CORPORATION successor by merger WELLS FARGO BANK, N.A., its successors and or assignees,** | |
| **Defendants.** | |

     **DEBORAH A. DOORLEY AND BRIAN P. DOORLEY**, Debtors and Plaintiffs herein, through their undersigned counsel, for their Complaint against the Defendants, hereby allege, as follows:

     (1) This adversary proceeding arises under Debtors' administrative case number 2:09-27409 PHX-RTB, filed pursuant to Chapter 13 of the United States Bankruptcy Code and currently pending in this Court.

(2)  This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C Section 1334. This court has the power to issue any order, process, or judgment necessary or appropriate to carry out the provisions of Title 11, pursuant to 11 U.S.C. Section 105.

(3)  Pursuant to 28 U.S.C. Section 157(b)(2)(K), the claim asserted herein constitutes a "core" proceeding. To the extent that any allegations fall within the purview of 11 U.S.C. Section 157(b)(4). Plaintiffs consent to this Court's jurisdiction to enter findings of fact and conclusions of law to the extent the Court may rule on any non-core issue(s) in this proceeding.

(4)  Pursuant to 28 U.S.C. Section 1409, venue for this proceeding lies properly with this Court.

(5)  Debtors; filed their Chapter 13 under the Bankruptcy Code on October 28, 2009. Edward J. Maney is the duly appointed Chapter 13 Trustee.

(6)  On the date of their Petition, the Plaintiffs were the fee owners of real property generally described as 3402 W Warren Drive, Phoenix, Arizona 85086 (the "Property"). The Property is the Debtors' principal residence.

(7)  On the date of their Petition, the Plaintiffs were indebted to WELLS FARGO BANK, N.A., ("Wells Fargo") under a note and Deed of Trust, granting Wells Fargo a lien on the Property (the "first Deed of Trust") and were indebted to WELLS FARGO BANK, NA successor by merger to WACHOVIA MORTGAGE CORPORATION, under a note and by a corresponding Deed of Trust, granting Chase a lien on the Property (the "second Deed of Trust").

(8)  On the date of their Petition, the Plaintiffs were indebted to Wells Fargo in the approximate principal amount of $358,000.00 relative to the first Deed of Trust, and to Wells Fargo in the approximate sum of $53,554.81 relative to the second Deed of Trust.

(9)  On the date of their Petition, the market value of the Property was not more than $269,000.00

(10)  On the date of their Petition, the encumbrances due and owing on the first Deed of Trust exceeded the Property's market value by at least $89,000.00.

(11)  On the date of their Petition, no security interest attached to Defendant's second Deed of Trust/lien and Defendant's claim was completely unsecured.

WHEREFORE, Plaintiffs request Judgment against the Defendant as follows

(a)  For an Order declaring Defendant's second-position Deed of Trust, and corresponding claim, to be unsecured and of no further force and effect as a secured lien against the property; and

(b)  For such other and further relief as this Court deems just.


Dated: January 7, 2010


The Rosacci Law Firm, PC

By: /s/Victoria A. Bellomo, Esq. ABN 019675

Attorney for Plaintiffs